UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MATTHEW KEITH ALWARD,

        Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

        Defendant.
_____/

Case No. 1:24-cv-461

Honorable Jane M. Beckering

## OPINION

This is a civil action brought by a federal prisoner. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Plaintiff's complaint[1] is entirely duplicative of a complaint he filed initially in the United States District Court for the Eastern District of Pennsylvania. The Eastern District of Pennsylvania transferred the case

---

[1] Plaintiff filed what purports to be an amended complaint on June 4, 2024 (ECF No. 8). As set forth below, the amended complaint is, in fact, a supplemental complaint which Plaintiff did not seek leave to file. Accordingly, Plaintiff's original complaint is the operative complaint in this action.

to the United States District Court for the Eastern District of Wisconsin, the district where the events at issue in the complaint occurred. The case remains pending there. Because the action Plaintiff filed in this Court is entirely duplicative of the action now pending in the Eastern District of Wisconsin, it is frivolous. Accordingly, pursuant to the PLRA standards, the Court will dismiss Plaintiff's complaint as duplicative and frivolous.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Federal Bureau of Prisons (BOP) at FCI Cumberland in Cumberland Maryland. When he filed his complaint, he was incarcerated at FCI Allenwood in White Deer, Pennsylvania. The events about which he complains occurred at FCI Oxford in Oxford, Wisconsin.

Plaintiff sues the BOP because an officer instructed Plaintiff, a white male, to move from the dining hall table, where he sat alone, to another table. Then the officer directed "8 seated latino immigrants" to move to the table that Plaintiff had vacated. (Compl., ECF No. 1, PageID.1.) Plaintiff contends that the officer was discriminating against Plaintiff on the basis of race. Plaintiff seeks $1,500,000.00 in damages.

The same allegations are raised in a complaint presently pending in the United States District Court for the Eastern District of Wisconsin. *See* Compl., *Alward v. FCI Oxford et al.*, No. 2:24-cv-566 (E.D. Wis.).

### II. Duplicative Complaints

Plaintiffs generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (citations omitted). As part of the court's inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another

2

federal court suit. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953–54 (8th Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952), and protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991).

In addition, courts have held that a complaint that merely repeats pending or previously litigated claims may be dismissed on PLRA screening as frivolous or malicious. *See, e.g.*, *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997) (holding that repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (noting that an action may be dismissed as frivolous when the complaint "merely repeats pending or previously litigated claims" (citations omitted)); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993) (finding that it is "malicious" to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that it was appropriate to dismiss a civil rights suit by a prison inmate where the suit was duplicative of facts and allegations made in a previously dismissed suit, and merely named a different defendant whose actions formed a partial basis for the previous suit); *Hahn v. Tarnow*, No. 06-cv-12814, 2006 WL 2160934, at *3–7 (E.D. Mich. July 31, 2006).

A complaint is duplicative and subject to dismissal if the claims, parties, and available relief do not significantly differ from an earlier-filed action. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Although complaints may not "significantly differ," they need not

3

be identical. Courts focus on the substance of the complaint. *See, e.g.*, *Bailey*, 846 F.2d at 1021 (holding that a complaint was duplicative although different defendants were named because it "repeat[ed] the same factual allegations" asserted in the earlier case).

The claims raised in the suit pending in this Court are factually identical to the claims pending in the Eastern District of Wisconsin. Therefore, the Court will dismiss the present action as duplicative and frivolous.

**III.   Supplemental Complaint**

On June 4, 2024, Plaintiff filed a second complaint. (ECF No. 8.) The second complaint does not include the allegations regarding the events at FCI Oxford. Instead, the second complaint sues the BOP for events that occurred at FCI Allenwood, after the FCI Oxford events occurred and after Plaintiff filed his initial complaint. There is no relationship between the matters alleged in the first complaint and the matters alleged in the second complaint.

A plaintiff, in the early stages of a case, may file an amendment "once as a matter of course," Fed. R. Civ. P. 15(a)(1); thereafter, he or she may only do so "with the . . . court's leave," Fed. R. Civ. P. 15(a)(2). To file a supplemental complaint, however, a plaintiff must always seek leave of court. Fed. R. Civ. P. 15(d). In *United States v. Hicks*, 283 F.3d 380 (D.C. Cir. 2002), the District of Columbia Circuit explained that amendments and supplements differ in that "the latter . . . sets forth 'transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.'" *Id*. at 385. By that definition, Plaintiff's second complaint is a supplement. Plaintiff did not seek leave to file his supplement. Therefore, the Court will construe the supplemental complaint as a motion for leave.

The standard for granting leave to supplement under Rule 15(d) is identical to the standard governing leave to amend under Rule 15(a)(2). *See Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002). In other words, leave to supplement "should [be] freely given[n] . . . when justice so

4

requires." Fed. R. Civ. P. 15(a)(2). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court identified some circumstances in which "justice" might counsel against granting leave: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id*. at 182. If a claim would be properly dismissed, amendment to add the claim would be futile. *Thiokol Corp. v. Michigan Dep't of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993).

Plaintiff's two-page supplemental complaint is a diatribe against rampant corruption at FCI Allenwood. Plaintiff alleges that he was discouraged from pursuing administrative remedies by three FCI Allenwood officers, but he does not identify the acts the officers took or threatened to take for the purpose of deterring him. Plaintiff also alleges that several other prisoners have suffered sexual assaults from staff and other inmates; but he does not claim he has suffered such an assault. Plaintiff does not, apparently, seek damages for these wrongs. Instead, he asks the Court to have a federal agency investigate these matters, and, in the interim, he asks that the Court transfer him to the custody of the Michigan Department of Corrections.

With regard to the wrongs that Plaintiff alleges were committed against other inmates, Plaintiff lacks standing. A prisoner may not assert the constitutional rights of other prisoners. *Newsom v Norris*, 888 F.2d 371, 381 (6th Cir. 1989) (stating "[p]recedent dictates that a prisoner who initiates a civil action challenging certain conditions at a prison facility in his individual capacity is limited to asserting alleged violations of his own constitutional rights and, absent a request for class certification, lacks standing to assert the constitutional rights of other prisoners"). Therefore, it would be futile to permit Plaintiff to add those claims by way of his supplemental complaint.

With regard to the retaliation claims that Plaintiff raises on his own behalf, the allegations are duplicative of allegations he raises by way of an action pending in the United States District Court for the Middle District of Pennsylvania: *Alward v. FCI Oxford et al.*, No. 2:24-cv-972-KM-CA (M.D. Pa.). The "et al." in the Pennsylvania suit are the same officers from FCI Allenwood—Officer Walters, Lt. Campbell, and DTS John Brown—that Plaintiff accuses of retaliation in the complaint he filed in this Court. Because the claims Plaintiff raises on his own behalf in this action are entirely duplicative of the claims he raises in the Middle District of Pennsylvania case, they would be properly dismissed as frivolous.

Put simply, justice does not require that the Court grant leave to file Plaintiff's proposed supplement. Accordingly, Plaintiff's motion to supplement his complaint will be denied.

## IV.    Other Motions

Plaintiff has filed a flurry of motions, including the following: motion for order for judicial intervention (ECF No. 3); motion to intervene and remove plaintiff from segregation (ECF No. 4); motion to transfer to new facility (ECF No. 5); motion for order for administrative remedy forms (ECF No. 6); motion for order for transportation to appear in front of the parole board (ECF No. 7); motion for order to stop sanctions (ECF No. 9); motion for order seeking emergency intervention, (ECF No. 10); and motion asking the Court to compel the United States Marshal Service to provide locations and arrival and departure dates for Plaintiff's transfer to this Court, (ECF No. 15). Because the Court is dismissing this action as frivolous, the motions will be denied as moot.

## Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed without prejudice as duplicative and frivolous, under 28 U.S.C.

§§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).[2] Plaintiff's motions (ECF Nos. 3–7, 9–10, & 15) will be denied as moot.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

An Order and Judgment consistent with this Opinion will be entered.

Dated:     August 29, 2024                        /s/ Jane M. Beckering
                                                  Jane M. Beckering
                                                  United States District Judge

---

[2] The dismissal is without prejudice to Plaintiff's actions currently pending in Wisconsin and Pennsylvania: *Alward v. FCI Oxford et al.*, No. 2:24-cv-566 (E.D. Wis.) and *Alward v. FCI Oxford et al.*, No. 2:24-cv-972-KM-CA (M.D. Pa.).